## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOAN B. GOTTSCHALL | Sitting Judge if Other than Assigned Judge | FEB 2 8 2008 |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1140 | **DATE** | FEB 28 2008 |
| **CASE TITLE** | Darin Townsend (#R-04658) vs. County of Cook, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders the trust fund officer at the plaintiff's place of incarceration to begin making monthly deductions in accordance with this order. The clerk is directed to send a copy of this order to the trust fund officer at the Vandalia Correctional Center. However, summonses shall not issue at this time. The court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions for filing along with a copy of this order.

■ [For further details see text below.]                                                                Docketing to mail notices.

## STATEMENT

The plaintiff, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, officials at the Cook County Correctional Center, violated the plaintiff's constitutional rights by subjecting him to a strip search upon his arrival at the jail.

The plaintiff having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Because the plaintiff currently has a negative balance in his inmate trust account, the initial partial filing fee is waived pursuant to 28 U.S.C. § 1915(b)(4). However, the plaintiff's trust fund officer is authorized and ordered to begin collecting monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. *See* 28 U.S.C. § 1915(b)(1). Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. *Id.* All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of the plaintiff's transfer to another correctional facility.
(CONTINUED)

mjm

## STATEMENT (continued)

However, the plaintiff must submit an amended complaint, as the complaint on file does not meet basic pleading requirements. First, the plaintiff provides no date for the challenged search. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, (1957)). However, to satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must provide "some indication . . . of time and place." *Thompson*, 362 F.3d at 971. Without a relevant date, the defendants will be hard-pressed to respond to the plaintiff's allegations.

In addition, the court does not understand what constitutional violation the plaintiff is alleging. The courts generally uphold routine jail strip searches. *See, e.g., Bell v. Wolfish*, 441 U.S. 520 (1979); *Del Raine v. Williford*, 32 F.3d 1024 (7th Cir. 1994). By their very nature, strip searches are "demeaning, dehumanizing, undignified, humiliating, terrifying, unpleasant, embarrassing [and] repulsive, signifying degradation and submission;" however, they do not *per se* violate an inmate's rights. *Campbell v. Miller*, 373 F.3d 834, 838 (7th Cir. 2004) (citations omitted). New detainees arriving at the jail pose obvious safety and security concerns; preventing drugs and weapons that can be smuggled through the alimentary canal or hidden in the rectal cavity is a legitimate penological concern. Therefore, strip searches are a legitimate means of maintaining order and do not violate the Fourteenth Amendment as long as they are conducted in a reasonable manner. *Del Raine v. Williford*, 32 F.3d 1024, 1039-42 (7th Cir. 1994) (upholding the legality of a digital rectal search against an Eighth Amendment challenge where there was no evidence that officials undertook the search in a "malicious and sadistic fashion for the very purpose of causing harm").

In the case at bar, the plaintiff describes a very typical, cattle-call-like processing of new arrivals. In balancing the need for the search against the individual's privacy rights, the court must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. *Del Raine*, 32 F.3d at 1039; *Burton v. Kuchel*, 865 F. Supp. 456, 466 (N.D. Ill. 1994); *U.S. v. Williams*, 209 F.3d 940, 943 (7th Cir. 2000) (search incident to arrest). Unless the plaintiff can allege that the strip search he endured upon his arrival at the jail was somehow conducted in an unreasonable or abusive manner, *see Bell*, 441 U.S. at 560, *Del Raine*, 17 F.3d at 1040, the court discerns no basis for a cause of action under 42 U.S.C. § 1983. The plaintiff should therefore perform some basic legal research before submitting an amended complaint in order to avoid the assessment of a "strike" under 28 U.S.C. § 1915(g). Under that statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *Id.*

For the foregoing reasons, the court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint on the court's required form. The amended complaint **(CONTINUED)**

**STATEMENT (continued)**

must specify the date of the challenged strip search and should indicate why the plaintiff believes that the search in question was unconstitutional.

The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint.

The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If the plaintiff fails to comply within thirty days, the case will be summarily dismissed, on the understanding that the plaintiff no longer wishes to pursue the lawsuit at this time.