## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOAN B. GOTTSCHALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 1140 | DATE | APR 03 2008 |
| CASE TITLE | Darin Townsend (#R-04658) vs. County of Cook, et al. | | |

**DOCKET ENTRY TEXT:**

The Clerk is directed to issue summonses for service of the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk is also directed to send the plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. The plaintiff's motion for appointment of counsel [#4] is denied, without prejudice.

■ [For further details see text below.]     Docketing to mail notices.

### STATEMENT

  The plaintiff, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, officials at the Cook County Correctional Center, violated the plaintiff's constitutional rights by subjecting him to an unreasonable strip search upon his arrival at the jail.

  By Minute Order of February 28, 2008, the court granted the plaintiff's motion for leave to proceed *in forma pauperis* but directed him to submit an amended complaint providing the date of the challenged search, as well as setting forth basic facts showing how the strip search in question amounted to a constitutional violation. The plaintiff has complied with that order.

  Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting the plaintiff's factual allegations as true, the court finds that the amended complaint states a colorable cause of action under the Civil Rights Act.

  In *Bell v. Wolfish*, 441 U.S. 520 (1979), the seminal detainee strip search case, the U.S. Supreme Court balanced "the significant and legitimate security interests of the institution against the privacy interests of the inmates," ultimately upholding a prison policy requiring inmates to submit to routine strip searches with visual cavity inspections after every contact with a person from outside the institution. *Id.* at 560. Despite holding that particular policy constitutional, however, *Bell* did not validate a blanket policy of strip searching pretrial detainees. *Wilson v. Jones*, 251 F.3d 1340, 1342 (11th Cir. 2001) (citing *Masters v. Crouch*, 872 F.2d 1248, 1253

**(CONTINUED)**

mjm

**STATEMENT (continued)**

(6th Cir. 1989); *see also Tikalsky v. City of Chicago*, 687 F.2d 175, 182 (7th Cir. 1982) (*Bell* "did not validate strip searches *per se*"). Rather, *Bell* held that pretrial detainees retain constitutional rights, including the Fourth Amendment's protection against unreasonable searches and seizures, which are subject to limitations based on the fact of confinement and the institution's need to maintain security and order. *Bell*, 441 U.S. at 545-46.

In balancing the constitutional rights of the inmate with the interests of the penal institution, a court must consider four factors: (1) the scope of the particular intrusion; (2) the manner in which it is conducted; (3) the place in which it is conducted; and (4) the justification for initiating it. *Id.* at 559; *Calvin v. Sheriff of Will County*, 405 F.Supp.2d 933, 938 (N.D. Ill. 2005) (Gettleman, J.). In the case at bar, while a more fully developed record may establish that the strip search in question did not rise to the level of a violation of the plaintiff's constitutional rights, it is not the case that the plaintiff could prove "no set of facts" entitling him to relief. *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *see also Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). Accordingly, the defendants must respond to the allegations in the amended complaint.

The clerk shall issue summonses for service of the amended complaint on the defendants. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former jail employee who can no longer be found at the work address provided by the plaintiff, the Cook County Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

Finally, the plaintiff's motion for appointment of counsel is denied at this time. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d

**(CONTINUED)**

**STATEMENT (continued)**

933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656, *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). If so, the court must consider: (1) whether, given the degree of difficulty of the case, the plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

After considering the above factors, the court concludes that appointment of counsel is not warranted in this case. First, the plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. *See Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). In any event, although the plaintiff has articulated colorable claims, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary. The plaintiff, whose pleadings to date have been well written and who successfully litigated a prior case, appears more than capable of presenting his case. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiff's motion for appointment of counsel is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the court may revisit this request.