U.S. Department of Justice  
United States Marshals Service

**PROCESS RECEIPT AND RETURN**  
See Instructions for "Service of Process by the U.S. Marshal"  
on the reverse of this form.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Darin Townsend | 08C1140 |
| **DEFENDANT** | **TYPE OF PROCESS** |
| County of Cook, et al. | Amended S/C |

**SERVE** → NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

Chief of Security, Security of Cook County Jail

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

**AT** CCJ, C/O Legal Dept. 2700 S. California Ave., 2nd. Flr. Div. 5, Chicago, IL 60608

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Darin Townsend, R-04658  
Vandalia-VAN  
P.O. Box 500  
Vandalia, IL 62471

| | |
|---|---|
| Number of process to be served with this Form - 285 | 1 |
| Number of parties to be served in this case | 2 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

FILED  
APR 1 8 2008  
MICHAEL W. DOBBINS  
CLERK, U.S. DISTRICT COURT  
APR 1 8 2008

Signature of Attorney or other Originator requesting service on behalf of:  
☒ PLAINTIFF ☐ DEFENDANT  
TELEPHONE NUMBER  
DATE 04-08-08

---

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process 2 of 2 | District of Origin No. 24 | District to Serve No. 24 | Signature of Authorized USMS Deputy or Clerk | Date 04-08-08 |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☒ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

Name and title of individual served (if not shown above)

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address (complete only if different than shown above)  
NOT SERVED

Date of Service 04/16/2008  
Time 13:30 pm  
Signature of U.S. Marshal or Deputy

| Service Fee 48.00 | Total Mileage Charges (including endeavors) 7.76 | Forwarding Fee — | Total Charges 55.76 | Advance Deposits — | Amount owed to U.S. Marshal or 55.76 | Amount of Refund — |

REMARKS: Need more specific info for service (Numerous chief)  
1 DUSM, 1 HR, 16 miles

PRIOR EDITIONS MAY BE USED — **1. CLERK OF THE COURT** — FORM USM-285 (Rev. 12/15/80)

AO440 (REV. 10/93) Summons in a Civil Action

## United States District Court
Northern District of Illinois

SUMMONS IN A CIVIL ACTION

Darin Townsend
Plaintiff

vs.

Tom Dart
Defendant

**CASE NUMBER:** 08cv1140
**JUDGE:** Gottschall

**TO:**
Chief of Security

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon plaintiff's attorney:

Name: Darin Townsend, R-04658
Address: Vandalia - VAN, P.O. Box 500
City: Vandalia, IL 62471
Telephone:

an answer to the complaint which is herewith served upon you, within **[20]** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael W. Dobbins, Clerk

By: LAKISHA C. WILLIAMS
Deputy Clerk

Dated: 04/08/08

| RETURN OF SERVICE ||
|---|---|
| Service of the Summons and Complaint was made by me:* | DATE |
| NAME OF SERVER (Print) | TITLE |

*Check one box below to indicate appropriate method of service:*

[ ] Served personally upon the defendant. Place where served: _____

_____

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

_____

[ ] Returned unexecuted: _____

[ ] Other (specify): _____

_____

_____

| STATEMENT OF SERVICE FEES |||
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                      Date                                 Signature of Server

                                         _____
                                         Address of Server

*As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOAN B. GOTTSCHALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 1140 | DATE | APR 03 2008 |
| CASE TITLE | Darin Townsend (#R-04658) vs. County of Cook, et al. | | |

**DOCKET ENTRY TEXT:**

The Clerk is directed to issue summonses for service of the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk is also directed to send the plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. The plaintiff's motion for appointment of counsel [#4] is denied, without prejudice.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

The plaintiff, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, officials at the Cook County Correctional Center, violated the plaintiff's constitutional rights by subjecting him to an unreasonable strip search upon his arrival at the jail.

By Minute Order of February 28, 2008, the court granted the plaintiff's motion for leave to proceed *in forma pauperis* but directed him to submit an amended complaint providing the date of the challenged search, as well as setting forth basic facts showing how the strip search in question amounted to a constitutional violation. The plaintiff has complied with that order.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting the plaintiff's factual allegations as true, the court finds that the amended complaint states a colorable cause of action under the Civil Rights Act.

In *Bell v. Wolfish*, 441 U.S. 520 (1979), the seminal detainee strip search case, the U.S. Supreme Court balanced "the significant and legitimate security interests of the institution against the privacy interests of the inmates," ultimately upholding a prison policy requiring inmates to submit to routine strip searches with visual cavity inspections after every contact with a person from outside the institution. *Id.* at 560. Despite holding that particular policy constitutional, however, *Bell* did not validate a blanket policy of strip searching pretrial detainees. *Wilson v. Jones*, 251 F.3d 1340, 1342 (11th Cir. 2001) (citing *Masters v. Crouch*, 872 F.2d 1248, 1253

(CONTINUED)

COPY - ATTEST
W. DOBBINS, CLERK
[signature]
DEPUTY CLERK
DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
DATE: 4-8-08

mjm

Page 1 of 3

## STATEMENT (continued)

(6th Cir. 1989); *see also Tikalsky v. City of Chicago*, 687 F.2d 175, 182 (7th Cir. 1982) (*Bell* "did not validate strip searches *per se*"). Rather, *Bell* held that pretrial detainees retain constitutional rights, including the Fourth Amendment's protection against unreasonable searches and seizures, which are subject to limitations based on the fact of confinement and the institution's need to maintain security and order. *Bell*, 441 U.S. at 545-46.

In balancing the constitutional rights of the inmate with the interests of the penal institution, a court must consider four factors: (1) the scope of the particular intrusion; (2) the manner in which it is conducted; (3) the place in which it is conducted; and (4) the justification for initiating it. *Id.* at 559; *Calvin v. Sheriff of Will County*, 405 F.Supp.2d 933, 938 (N.D. Ill. 2005) (Gettleman, J.). In the case at bar, while a more fully developed record may establish that the strip search in question did not rise to the level of a violation of the plaintiff's constitutional rights, it is not the case that the plaintiff could prove "no set of facts" entitling him to relief. *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *see also Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). Accordingly, the defendants must respond to the allegations in the amended complaint.

The clerk shall issue summonses for service of the amended complaint on the defendants. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former jail employee who can no longer be found at the work address provided by the plaintiff, the Cook County Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

Finally, the plaintiff's motion for appointment of counsel is denied at this time. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d

**(CONTINUED)**

STATEMENT (continued)

933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656, *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). If so, the court must consider: (1) whether, given the degree of difficulty of the case, the plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

After considering the above factors, the court concludes that appointment of counsel is not warranted in this case. First, the plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. *See Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). In any event, although the plaintiff has articulated colorable claims, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary. The plaintiff, whose pleadings to date have been well written and who successfully litigated a prior case, appears more than capable of presenting his case. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiff's motion for appointment of counsel is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the court may revisit this request.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DARIN TOWNSEND
_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Tom Dart; Warden Sheriff; CCJ. Chief of Security CCJ. And Seven Unknown Cook County Jail Officers

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

Case No: 08C-1140
(To be supplied by the Clerk of this Court)

The Honorable Judge; Gottschall and Magistrate, Judge Cole

FILED
APR 03 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

AMENDED Complaint

**CHECK ONE ONLY:**

✓    COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code (state, county, or municipal defendants)

_____ COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code (federal defendants)

_____ OTHER (cite statute, if known)

**BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.**

I. **Plaintiff(s):**

A. Name: Darin Townsend

B. List all aliases: None

C. Prisoner identification number: K-04658

D. Place of present confinement: Vandalia, Correctional

E. Address: P.O. Box 500, Vandalia, IL 62471

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

A. Defendant: Tom Dart
Title: Sheriff / Warden
Place of Employment: Cook County Jail

B. Defendant: Chief of Security
Title: Security of Cook County Jail
Place of Employment: 2600 South California

C. Defendant: Seven Unknown officer's
Title: Cook County Jail Guards
Place of Employment: Cook County Jail 2600 S. Cal.

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: _07-C-0964_

B. Approximate date of filing lawsuit: _May 15th 2007_

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _Davie Townsend_

D. List all defendants: _Cook County Jail et al_

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _Northern District Court Illinois_

F. Name of judge to whom case was assigned: _Joan B. Gottschall_

G. Basic claim made: _Consitution 8th Amendment_

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _Settled_

I. Approximate date of disposition: _Jan. 28, 2008_

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

Revised 9/2007

## IV. Statement of Claim:

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

The Plaintiff was arrested on or about Sept. 30, 2006, on a charge of aggravated battery, and the Plaintiff pled guilty to 6 years, Illinois Department of Corrections.

Plaintiff was unable to post bond and remained in the Cook County Jail. Before the Plaintiff was admitted into the general population of the Cook County Jail, all pre-trial detainees as the Plaintiff was subject to a blanket visual body cavity search. All detainees were lead into a hallway were officer's and people in general have access to the area and there's a main-desk that sits in the middle of this hallway for Court Return's ect.

Detainees are made to line-up along the Hallway wall which would be to the left of the main Desk. Next the Plaintiff + Detainees are ordered to strip-down to Nothing but your Bare-Body, and ordered to perform the Tasks of; Beginning the processing strip search; one of the C/O's (name unknown) Began to speak in a vulgar manner "You Mother Fuckers better hurry up for i start Kickin Some Ass, we (Myself and the other pre-trial Detainees) were told by Another C/O to take every thing out of you Pockets And place it on the yellow line in front of you, take off your Coats if you have more than one seperate them, Put it on the floor in front of you on the yellow line, take off your shirts if you if you have on more than one take them off one at a time And put them on the floor in front of you on the yellow line, take off you pants if you have on more than one pair take them off

one at a time and put them on the floor in front of you on the yellow line, if you have'em take off your under ware one at a time put'em on the yellow line in front of you. After about five minutes i guess everyone was told to turn around facing the wall, Then told to put our hands above our head with palms facing outward meaning behind us, then told to lift our Right foot and wiggle our toes (same process left foot), Put'em down take your hands down turn around, Put you hands on you head run 'em through your hair until i say stop we Repeated this process for About 20 seconds, take one hand pull back the fore skin on your Penis, Put it down, take one hand, lift up your scrotem Put'em down. Take one step foward Squat down Cough, one more time Cough, Stand up turn around face the wall bend over grab your but cheeks Spread'em now Cough, Cough and Cough Again. Stand up.

Revised 9/2007

Your Honor, Honorable Ms. Joan B. Gottschall, The Plaintiff Responds to the Statement from the Court, And feels that the Court, Pursuant to the legal Arguments of the Strip Search has Set a Predisposition Against His legal Claim; The Plaintiff Ask this Honorable Court to Hear his Position in; Calvin v. Sheriff of Will County, 405 F.Supp. 933 (N.D.Ill.2005); This Case Your Honor was Presided over by Your Colege, The Honorable Judge Gettleman, The Honorable Court Dealt with a Policy of the Will County Jail, A Blanket Strip Search of ~~the new~~ Detainees Arrested on a Warrent, Persons Realsed from Custody After appearing from Court. The Jail Policy was to Strip Search / Visual Body Cavity Search — Policy 5080, found UNConstitutional, And IN Craft v.

County of San Bernadino, 468 F.supp.2d 1172 (C.C.D. Cal. 2006); the Court Dealt with a Strip Searching Policy of Pre-Arraignment was Unconstitutional of the 4th Amendment of U.S.C.A. of America, and Article I, of the California Constitution and Article 1, 13 of the California Constitution.

So the Plaintiff feels that he has a viable claim where Relief Can be Granted. Respectfully Submitted,

Darin Townsend
R-04658

V.  Relief:

   State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

   20,000 dollars Each Defendant in Compensitory Damages, 15,000 dollars in Punitive Damages Each Defendant and 200 dollars Each Defendant in Nominal Damages.

VI.  The plaintiff demands that the case be tried by a jury.  ☒ YES   ☐ NO

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this __3__ day of __5__, 20_08_

_Darin Townsend    Darin Townsend_
_Darin Townsend_
(Signature of plaintiff or plaintiffs)

_DARIN TOWNSEND_
(Print name)

_R04658_
(I.D. Number)

_Vandalia IL 62471_
_P.O. Box 500_
(Address)

6

Revised 9/2007