UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARIN TOWNSEND, ) | |
| ) | |
| Plaintiff, ) | 08 C 1140 |
| ) | |
| vs. ) | Honorable Judge |
| ) | Joan B. Gottschall |
| TOM DART, WARDEN SHERIFF, C.C.J., ) | |
| CHIEF OF SECURITY, C.C.J.; AND ) | Magistrate Judge Cole |
| SEVEN UNKNOWN COOK COUNTY JAIL ) | |
| OFFICERS, ) | |
| ) | |
| Defendants. ) | |

**MOTION TO DISMISS THE COMPLAINT
AND MEMORANDUM IN SUPPORT THEREOF**

NOW COMES Defendant Thomas J. Dart, Sheriff of Cook County by and through his attorney, RICHARD A. DEVINE, State's Attorney of Cook County by his Assistant State's Attorney, Francis J. Catania, and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move this Honorable Court to dismiss the Plaintiff's Complaint for failure to state a claim upon which relief may be granted in that Plaintiff can't state a claim for violation of his $4^h$ Amendment Rights in being strip searched at intake at a jail following arraignment when he has been charged with a violent felony offense because the charge alone provides reasonable suspicion, sufficient to thoroughly search such detainees. In support thereof, the Defendants state as follows:

**FACTS DRAWN FROM THE COMPLAINT**

The Complaint makes the following factual assertions, assumed true solely for the purposes of this motion. Plaintiff, a prisoner incarcerated in the Illinois Department of Corrections at the time of filing of his complaint [Amended Complaint "Complaint" ¶1 asserting

1

an address in the Illinois Department of Corrections at Vandalia], was a former pre-trial detainee at Cook County Jail. He alleges that on or about September 30, 2006 he was arrested on a charge of aggravated battery[1], for which he was later found guilty. (The complaint seems to suggest that the felony conviction occurred the same date, but it did not.) It is sufficient to say that Plaintiff alleges he was arrested, charged, incarcerated, convicted and sentenced on a felony offense of violence.

The Complaint then alleges that Plaintiff should not have been strip-searched when entering the jail because the jail performs "blanket strip searches". The Complaint graphically details the manner in which strip searches were performed, step-by-step. Plaintiff alleges that the jail guards used abusive language when instructing the men to disrobe and expose certain areas of their bodies. Plaintiff then argues a legal point as to why he states a cause of action including in his argument the recent decision of *Calvin v. Will County*, 405 F.Supp 2d. 933, and *Craft v. County of San Bernardino*, 468 F.Supp 2d 1172.

## STANDARD OF REVIEW

Under Rule 12(b) (6) a claim may be dismissed if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (*quoting Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)). In reviewing a motion to dismiss, a district court's review is limited to the four corners of the complaint. *Gomez v. Illinois State Bd. of Ed.*, 811 F.2d 1030, 1039 (7th Cir. 1987). A § 1983 claim does not have to meet any heightened pleading standard, but it must set forth sufficient allegations to place the court and defendants on notice of the

---

[1] In fact, plaintiff was convicted of Armed Robbery, on a negotiated plea of guilty to a reduced charge. His original charge was for Aggravated Vehicular Hijacking with a firearm, 720 ILCS 5/18-4(a)(4), for which the minimum sentence is 15 years. See Public Records on Case No. 061144225-01 and superseding indictment 06 CR27223-01.

gravamen of the complaint. *McCormick v. City of Chicago*, 230 F.3d 319, 323-24 (7th Cir. 2000). Nevertheless, while a district court will dismiss a complaint when no relief can be granted under a set of facts consistent with the allegations, the court should not strain to find inferences not plainly apparent from the face of the complaint. *Hishon*, 467 U.S. at 73. Furthermore, it should be noted that "litigants may plead themselves out of court by alleging facts that may establish defendants' entitlement to prevail." *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998) and may also "plead themselves out of court" by averring facts that establish an affirmative defense *Hollander v. Brown,* 457 F.3d 688 (7th Cir 2006).

## ARGUMENT

Putting aside the rule that legal argument should not be raised in the complaint[2], Plaintiff apparently believes *Calvin*, which dealt with arrestees on misdemeanor warrants and detainees who were presumptively to be released (where a judge dismisses one case, releasing the defendant on that case) are in the same category as he is. In fact Plaintiff admits he was arrested on a violent felony charge and was convicted of that charge. The *Calvin* case is of no assistance to the Plaintiff's theory because the blanket policy at issue was that of the Will County Jail. The case does not support plaintiff's claim because both in Cook County and in Will County, well established law allows for the strip-searching of persons charged with felony offenses and offenses associated with violence. By making a claim about the constitutional infirmity of a so called "blanket policy" and then citing the *Calvin* case, plaintiff seems to believe that the policy is unconstitutional as to all detainees. In fact, *Calvin* found the "blanket policy" unconstitutional as to arrestees on misdemeanor warrants and detainees who were presumptively to be released.

---

[2] Rule 8(a) of the Federal Rules of Civil Procedure says that a complaint must identify the basis of jurisdiction and contain "a short and plain statement of the claim showing that the pleader is entitled to relief". The rules discourage complaints with multiple counts, each of which specifies a single statute or legal rule. *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1077-1078 (7th Cir. Ill. 1992).

3

This plaintiff does not fit either category since he was arrested, charged, convicted of a serious felony offense. Additionally, *Calvin* is a District Court ruling granting summary judgment to the plaintiffs. Both classes contain persons detained on misdemeanor or traffic offenses that did not involve weapons or controlled substances: to wit, "both classes contain persons who were detained after a failure-to-appear warrant ("FTA Warrant") had been issued against them, and after they had been given a reasonable time to post bond and were unable or unwilling to do so." *Calvin v. Sheriff of Will County*, 2006 U.S. Dist. LEXIS 27341 (N.D. Ill. Apr. 14, 2006).

Reasonable suspicion may be satisfied merely by the fact of a violent felony charge. *Roberts v. Rhode Island*, 239 F.3d 107 at 112-113 (1st Cir. 2001). Several other Courts have held or intimated that it is objectively reasonable to conduct a strip search of one charged with a crime of violence. *Weber v. Dell*, 804 F.2d 796, 801 (2d Cir. 1986), cert. denied sub nom., *County of Monroe v. Weber*, 483 U.S. 1020, 107 S. Ct. 3263, 97 L. Ed. 2d 762 (1987); *Masters v. Crouch*, 872 F.2d 1248, 1255 (6th Cir. 1989), cert. denied sub nom., *Frey v. Masters*, 493 U.S. 977, 110 S. Ct. 503, 107 L. Ed. 2d 506 (1989); *Mary Beth G.*, 723 F.2d at 1272-1273, *Arruda v. Fair*, 710 F.2d 886, 887 (1st Cir. 1983), cert. denied, 464 U.S. 999, 104 S. Ct. 502, 78 L. Ed. 2d 693 (1983); *Dufrin v. Spreen*, 712 F.2d 1084, 1089 (6th Cir. 1983); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1447 (9th Cir. 1989); *Hicks v. Moore*, 422 F.3d 1246, 1252 (11th Cir. 2005); *George v. City of Wichita*, 348 F. Supp. 2d 1232, 1240-1241 (D. Kan. 2004).

Plaintiff admits by his pleading that he was charged with a felony – his sentence was for greater than one year, i.e. 6 years in a State Penal Institution. The crime was one of violence – Aggravated Battery, which implies unlawful touching causing serious physical harm or the use of a dangerous weapon. These pleaded facts show that there was ample reasonable suspicion

under the law to conduct a strip search of Plaintiff before he was allowed into general population of the jail.

As noted above, other circuits have directly addressed this issue and found no claim under the 4th and 14th Amendments. In fact, the clearest Appellate Court pronouncements have come from other circuits. The Eleventh Circuit Court of Appeals has held "we accept that a person's being charged with a crime of violence is sufficient to evoke reasonable suspicion that the person may be concealing weapons or contraband." *Hicks v. Moore*, 422 F.3d 1246, 1252 (11th Cir. 2005). The Sixth Circuit in *Masters v. Crouch*, 872 F.2d 1248, 1255 (6th Cir. 1989) held that it is objectively reasonable to conduct a strip search of one charged with a crime of violence before that person comes into contact with other inmates.

The 7th Circuit has yet to rule on this precise issue, making the precedent of other Circuits persuasive. The Seventh Circuit has made the following related rulings: the Constitutional standards applicable to pretrial detainees and prisoners are the same following *Hart v. Sheahan*, 396 F.3d 887 at 893 (7th Circuit 2004), therefore the court should follow the 7th Circuit precedent in *Peckham v. Wisconsin Dept. of Corrections*, 141 F.3d 694 (7th Circuit 1998) where it upheld strip searches when a new prisoner arrived at the jail or returned to jail from a doctor's visit or from court.

Although Plaintiff used colorful language when describing the process of the strip search, but even this factually allegation, taken as true, does not state a claim. Verbal harassment, while disturbing and unprofessional, does not rise to the level of a constitutional violation. See *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) and *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987). Plaintiff's use of such information is an attempt to appeal to the

sympathies of the court, but as noted such verbal abuse does not state a claim upon which relief can be granted.

## CONCLUSION

Since "litigants may plead themselves out of court by alleging facts that may establish defendants' entitlement to prevail." *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998), the Court should take note that Plaintiff pleads the demise of his claim. He alleges that he was charged with a violent felony offense. Plaintiffs pleading they've been held on felony charges "plead themselves out of court" by averring facts that establish an affirmative defense" see *Hollander v. Brown,* 457 F.3d 688 (7th Cir 2006). Reasonable suspicion to conduct a strip search is supplied by the mere fact of a felony or violent offense charge, therefore the Defendant is reasonable as a matter of law when conducting a strip search at intake.

**WHEREFORE**, Defendant Sheriff of Cook County respectfully asks this Honorable Court to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted since plaintiff pleads himself out of court where he admits he was charged with a crime of violence before he was strip searched upon intake at the jail.

                    RICHARD A. DEVINE
                    State's Attorney of Cook County

By:   s/Francis J. Catania  ARDC#6203188
       Francis J. Catania
       Assistant State's Attorney
       Richard J. Daley Center
       50 W. Washington Street Room 500
       Chicago, Il 60602
       (312) 603-6572